```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PUTNAM BRIDGE FUNDING III LLC, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _7/31/17_ |

PUTNAM BRIDGE FUNDING III LLC,

              Plaintiff,

-against-

FRANCIS P. JENKINS,

              Defendant.

16 Civ. 7012 (AT) (DCF)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

    Plaintiff, Putnam Bridge Funding III LLC, has brought this breach-of-contract action against Defendant, Francis P. Jenkins, under New York law. On January 24, 2017, after Jenkins failed to appear at a scheduled show-cause hearing, the Court granted Plaintiff's request for a default judgment against Jenkins and referred the matter to the Honorable Debra C. Freeman, U.S. Magistrate Judge, for an inquest on damages. ECF No. 24. On July 10, 2017, Judge Freeman issued a Report and Recommendation ("Report"), recommending that Plaintiff be awarded $514,313.82 in total damages, representing $500,000 in outstanding principle due under the promissory note and guarantee at issue and $14,313.82 in back taxes paid by Plaintiff to prevent foreclosure of the property that secured the mortgage. Report 15, ECF No. 32. Judge Freeman found that Plaintiff had not shown it was owed interest, *id.* at 5 & n.5, 13, but that, should Plaintiff "object to [the Report], and . . . submit additional evidence to the Court demonstrating that it did not receive interest payments that were due, then [she] would recommend that . . . Putnam Bridge also be awarded damages for lost interest, to be calculated by the Clerk of Court based on the contract rate of 3% per annum (assuming a 360-day year), for the period from the first date of non-payment to the date of entry of final judgment," *id.* at 13 n.7. In response, Plaintiff filed an objection declaring under oath that it has not received any interest payments. Obj. ¶ 5, ECF No. 33.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Courts review *de novo* those parts of a report and recommendation to which objections are made, and the remainder for clear error on the face of the record." *Mulosmanaj v. Colvin*, No. 14 Civ. 6122, 2016 WL 4775613, at *2 (S.D.N.Y. Sept. 14, 2016).

    This Court has reviewed Judge Freeman's thorough and well-reasoned Report, and finds that it is not erroneous on its face. *See* 28 U.S.C. § 636(b)(1). Plaintiff's sole objection was invited by Judge Freeman. *See* Report 13 n.7. Because Plaintiff now has declared under penalty of perjury that it "has not received any interest payments" on the promissory note, Obj. ¶ 5, the Court concludes, as Judge Freeman contemplated, that Plaintiff is entitled to those damages.

    Accordingly, this Court adopts in part and modifies in part the Report to hold that Plaintiff be awarded damages in the amount of (1) $500,000 in outstanding principal due under the promissory note and guarantee, plus prejudgment interest based on the contract rate of 3%

per annum (assuming a 360-day year) from November 1, 2013, the first date of non-payment,[1] and (2) $14,313.82 in back taxes paid by Plaintiff to prevent foreclosure of the property that secured the mortgage.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: July 31, 2017
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] In its objection, Plaintiff calculates interest from October 18, 2013, when the loan was made. Obj. ¶¶ 5-6. However, the cause of action did not exist until the first date of non-payment. *See* C.P.L.R. § 5001(b).